# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DESEAN MALIK MILLSAPS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV-21-475-R |
| ) | |
| **S.R. GRANT, Warden,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner, a federal prisoner appearing *pro se* filed this action pursuant to 28 U.S.C. § 2241 seeking to compel the Bureau of Prisons, via Warden S.R. Grant, to credit his federal sentence with an additional 734 days. (Doc. No. 8). Warden Grant responded in opposition. (Doc. No. 19). Petitioner filed a Reply in support of his request (Doc. No. 20) and Respondent was granted leave to file a sur-reply, which he has done. (Doc. No. 23).[1] The Petition is ripe for disposition and upon consideration thereof, the Court finds as follows.

Petitioner is currently serving a 97-month sentence which was imposed by the United States District Court for the Western District of North Carolina, Case No. 15-CR-28-KDB-DSC. The February 9, 2016 sentence was the result of Petitioner pleading guilty to five counts; the presiding judge ordered that the 97-month sentence he imposed on each

---

[1] Additionally, the Court has considered Petitioner's Motion and Argument (Doc. No. 13) in assessing the merits of his Amended Petition.

count run concurrently. (Doc. No. 19-1, p. 48).[2] Petitioner's current complaint arises from the following facts.

On July 30, 2013, Petitioner was arrested by law enforcement from Iredell County, North Carolina and charged with three counts, including possession of heroin with intent to manufacture, sell, and deliver. Case No. 13CR54211. He was charged in two additional cases at the same time, Case No. 13CR54212, and Case No. 13CR50630. Petitioner pled guilty on September 27, 2013, in Case No. 13CR54211 to possession of heroin. The case was consolidated with Case No. 13CR50618, felony larceny. (Doc. No. 19-1, p. 24).[3] The court sentenced him to 8-19 months imprisonment, suspended, and probation. In Case No. 13CRS53069 Petitioner pled guilty as well and the court imposed a sentence of 14-26 months, suspended, but ordered incarceration for 30 days as a term of "special probation." Doc. No. 19-1, p. 22.

Thereafter, on November 7, 2013, county law enforcement again arrested Petitioner. He was released on bond that same day. Case Nos. 13CR56284. On December 6, 2013, Petitioner was arrested on a probation violation from Case No. 13CR53069. Again, he was released on bond that same day. Twenty days later, on December 26, 2013, Petitioner was arrested in Case No. 13CR57116, which alleged that he was operating a vehicle without

---

[2] Although Petitioner had pending state charges in North Carolina at the time of his federal sentencing, the judgment and sentence were silent on whether the federal sentence should run concurrently or consecutively with any yet-to-be-imposed state sentence. As a result, the presumption is that the federal sentence runs consecutively to any state sentence.

[3] The court ordered Petitioner to comply with the conditions set forth in Case No. 13CRS53069 which charged Mr. Millsaps with being a felon in possession of a firearm. Doc. No. 19-1, p. 20.

2

being licensed driver and that he failed to stop at a stop sign. Doc. No. 19-1, p. 38. He was released on bond on December 30, 2013.

On January 17, 2014, county officials arrested Petitioner and since that time he has remained in custody, either state or federal. On June 23, 2015, the United States indicted Defendant on five drug counts, including a count for possession of heroin with intent to distribute, which crime occurred on July 30, 2013. The conduct underlying Count 2 of the federal indictment was also charged by state officials in Case No. 13CRS54211.

On May 18, 2015, Defendant was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. On February 10, 2016, the United States District Court for the Western District of North Carolina imposed the 97-month sentence. On March 1, 2016, Brittany Ramsey of Iredell County erroneously informed federal officials that there were no detainers on Mr. Millsaps. Doc. No. 19-1, p. 53. As a result, Mr. Millsaps was designated by the Bureau of Prisons to begin his sentence.

Iredell County realized its error and federal officials returned Mr. Millsaps to state custody. On October 3, 2016, the state court revoked Petitioner's probation and imposed the previously suspended sentences in Case Nos. 13CRS50618, 13CRS54211, and 13 SCR53069.[4] The judgments in those cases reflect that Petitioner was granted 734 days of credit toward the sentences for time spent in confinement prior to imposition of the sentences[5] Doc. No. 19-1, pp. 61, 63. Beginning on October 10, 2016, Petitioner started

---

[4] 13CRS50618 and 13CRS54211 were consolidated under the lower number in the Judgment and Commitment paperwork. Doc. No. 19-1, p. 61.

[5] In his response the warden incorrectly identified certain cases by the wrong number, leading Petitioner to argue that the 734 days of credit were applied to some non-existent

3

serving a thirty-day sentence for assault and battery in Case No. 16CR54835. On November 9, 2016, he was placed into exclusive federal custody, where he has remained. The Bureau of Prisons granted him 293 days of credit for time spent detained prior to November 9, 2016. The Bureau has refused to grant Petitioner the additional 734 days he requests because those days were credited to his state sentences. Petitioner argues that because one of his federal counts of conviction and the conviction in 13CRS542211 are premised on the same conduct, that he is entitled to credit on both his state and federal convictions.

At the outset the Court notes that any complaints Petitioner has regarding the fact that he was sentenced to imprisonment on both state and federal charges arising from the July 30, 2013 heroin offenses are without merit and not subject to consideration in this case. Under the "'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute." *Gamble v. United States*, 139 S.Ct. 1960, 1963 (2019). Additionally, any double jeopardy argument would need to be directed to the court of conviction under 28 U.S.C. § 2255, not to this jurisdiction under § 2241. *See Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) ("A § 2255 motion is ordinarily the only means to challenge the validity

---

case. The error, purely typographical, is completely undercut by Petitioner's own representations.

The Amended Petition states that "I am doing two sentences on one offense, possession with intent to sell in (sic) deliver heroin. The federal court sentence me to 97 months and the state of North Carolina sentence me to two years probation, which I violated and got sentence to 8-19 months with 734 days credit towards the state sentence for the drug offense."

of a federal conviction following the conclusion of direct appeal.").

The Court turns to the merits of Petitioner's contention that he is entitled to an additional 734 days of credit toward his federal sentence, despite having been given credit on his state sentences.

> "The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). A federal statute governs the commencement date: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). As we emphasized in *Binford*, "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." 436 F.3d at 1255.

*Comrie v. Wilner*, 380 F. App'x 783 (10th Cir. 2010). As for credit for time in custody before a defendant is designated into federal custody, the analysis is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). In construing this statutory language, the Supreme Court has said that "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The relevant BOP policy also provides that "[c]redit will not be given for any portion of time spent serving another

5

sentence regardless of whether the sentence is federal, state, or foreign." Federal BOP Program Statement 5880.28 at 1-17.

Petitioner does not challenge the commencement date utilized by the Bureau of Prisons. Rather, his complaints focus on the second inquiry, credit for time in custody before commencement of his sentence. Although there was some confusion regarding the case numbers of certain North Carolina convictions, as noted above, there is no legitimate dispute that 734 days of jail time was credited to Petitioner's North Carolina sentences and therefore he is not entitled to credit under § 3585(b) toward his current federal sentence.

Petitioner argues, however, that Bureau of Prison Program Statement 5880.30 governs and entitles him to have the 734 days of jail credit. This provision, in part, provides:

> (1) For time in non-federal custody when the non-federal custody is based on charges that later resulted in a federal sentence.
>
> ***
>
> (b) If the federal defendant has been in presentence state or foreign custody on essentially the same charges as the federal charges, credit shall also be given even though a federal detainer may not have been on file during that time. Credit shall also be given for time spent in non-federal presentence custody when the non-federal and federal charges are similar enough to be considered the same criminal act or offense. This non-federal presentence custody is applicable when the factors of time, location, and the criminal acts are identical in both charges.

PS 5880.30, Ch. VI (7)(c)(1)(b). The relevant statute for PS 5880.30 is 18 U.S.C. § 3568, which provides:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for

any days spent in custody in connection with the offense or acts for which sentence was imposed.

As the Tenth Circuit concluded in *Comrie v. Wilner*, 380 F. App'x 783 (10th Cir. 2010), PS 5880.30 was promulgated under 18 U.S.C. § 3568, which was repealed effective November 1, 1987 for awarding presentence/jail time credit. Accordingly, § 3568 and the attendant programming statement, 5880.30, do not apply to offenses committed after that date, to include Petitioner's current federal sentence imposed in 2016 *See also Shepherd v. Warden, USP-Atlanta*, 683 F. App'x 854, 855 at *1, 2017 WL 1192188, at *1 (11th Cir. Mar. 31, 2017). Simply stated, Petitioner's belief that he is entitled to an additional 734 credits is erroneous and the Petition is therefore DENIED.

For the reasons set forth herein, the Petition pursuant to 28 U.S.C. § 2241 is hereby DENIED.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**